**Robert SHEETS, Plaintiff,**

v.

**FLORIDA EAST COAST RAILWAY CO., Defendant.**

**No. 99–14271Civ.**

United States District Court, S.D. Florida, Fort Pierce Division.

Feb. 9, 2001.

Edward S. Polk, Miami, FL, for Plaintiff.

Eric L. Leach, Jacksonville, FL, for Defendant.

## ORDER

MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment (DE # 42). Upon consideration of the Motion, response, and upon review of the record, the following Order is entered.

Plaintiff was employed with Florida East Coast Railway ("FEC") and worked as a trainman, conductor, or locomotive engineer as needed. Defendant FEC uses an assignment system wherein "extra-board" employees, like Plaintiff, rotate on a list for positions that become available, either as extra trains are scheduled, or when regularly assigned employees are unable to work. Plaintiff was injured on the job in 1994, incurring a thirty-percent permanent disability to his left knee. His disability restricted his ability to work as either a trainmen or a conductor, but had no impact on his ability to perform the functions of an engineer. Generally, extra-board employees must be able to perform the job of a trainmen, conductor, or engineer when called to work. Only seniority impacts the employee's ability to chose among the three positions.

Following his injury, the FEC waived the normal rotation rules for Plaintiff, allowing him to reject assignments as a trainman/conductor without losing his place in line for an engineer assignment. This arrangement had no bearing on his ability to perform his job; it simply allowed him the opportunity to work as an engineer more often than he would without such an arrangement. The other extra-board employees consequently had fewer opportunities to work as engineers than in the normal rotation, wherein seniority is the only factor that affects an employee's ability to get the position of his choice. The FEC's "accommodation" in effect was a grant of seniority, giving Plaintiff greater ability to control his assignments than the other employees had.

In 1996, the FEC posted a general solicitation, seeking volunteers to transfer to the train yard in Hialeah. Plaintiff responded and transferred to Hialeah. He believed the transfer would be temporary, though he does not claim that anyone from the FEC told him so. The Hialeah yard employed a two-board system, wherein a separate board was maintained for engineer assignments. Plaintiff could thus en-

ter the rotation to work as an engineer, without entering the rotation for either of the positions he could not work. He had higher seniority in Hialeah, and was able to work regularly there. Unfortunately, he was living away from his family, and he requested a transfer back to Ft. Pierce at the end of six months.[1] The FEC denied his first request for reasons unrelated to his restriction. He requested the transfer again. His employer granted permission for the transfer, but refused to renew the arrangement it previously offered. If he returned to Ft. Pierce, he would be subject to the same rules of assignment as every other employee: if he was called-out for a position he could not accept, then he would return to the bottom of the list, rather than remain the next to be called-out for an engineer assignment. Plaintiff declined the transfer on these terms. He remained in Hialeah until he resigned in October 1997, after working there for eighteen months.

Plaintiff alleges that, by refusing to provide him with the same reasonable accommodation he enjoyed before transferring to the Hialeah yard, the FEC precluded him from returning to work at the Ft. Pierce Extra Board, and effectively terminated his ability to work for the FEC.[2] Defendant's proffered explanation, for denying the requested accommodation, is that the arrangement expired upon Plaintiff's transfer to Hialeah, where the Plaintiff worked without any accommodation. Plaintiff's transfer request, then, also entailed a request for a specific accommodation. Because Plaintiff was able to perform his job without any accommodation,

the FEC argues, it was not obligated to provide the specific accommodation requested, at Plaintiff's preferred locality.[3] Defendant seeks summary judgment, claiming that Plaintiff is not a qualified individual within the meaning of the Americans with Disabilities Act, and that he did not make a request for a "reasonable accommodation" within the meaning of the Act.[4] The Court agrees and grants summary judgment based on the following discussion.

## II. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only where there is *no* genuine issue of material fact. *See Twiss v. Kury,* 25 F.3d 1551 (11th Cir.1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* at 157, 90 S.Ct. 1598.

However, the non-moving party

---

1. Defendant's solicitation offered a $2,000 bonus for transferring employees, provided that they worked a minimum of six months in Hialeah.

2. *See* Complaint, para. 15.

3. Plaintiff challenges the explanations proffered by Defendant as inconsistent, and further asserts that the company could have renewed the accommodation in Ft. Pierce without incurring any undue hardship. However, the Defendant owes no explanation until Plaintiff substantiates its claim that the Defendant failed to provide a reasonable accommodation.

4. Defendant's motion also asserts that Plaintiff has not offered evidence to overcome the proffered, non-discriminatory reasons for refusing his transfer request; and that Plaintiff released the present claim by signing a settlement agreement arising from the 1994 knee injury.

[m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact,

the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure to present proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.*

*Applicable Law*

The ADA prohibits an employer from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "Discrimination" includes an employer's failure to make reasonable accommodations. *Id.* § 12112(b)(5)(A). A "qualified individual with a disability" is one who is able to perform the essential functions of the position he holds or desires, with or without accommodation. *See id.* § 12111(8). Finally, an accommodation is reasonable, and thus required under the Act, if it enables the employee to perform the essential functions of his job. *See Earl v. Mervyns, Inc.,* 207 F.3d 1361, 1365 (11th Cir.2000) (citing 29 C.F.R. § 1630.2(*o*)(2)(ii)).

■ Plaintiff's prima facie case depends on a showing that he (1) has a disability; (2) is a qualified individual who can perform the essential functions of his job with or without reasonable accommodation; and (3) was discriminated against because of the disability. *See Terrell v. USAir,* 132 F.3d 621, 624 (11th Cir.1998). Plaintiff must show that his employer had either actual or constructive knowledge of the disability or considered him to be disabled. *See Gordon v. E.L. Hamm & Assocs.,* 100 F.3d 907, 910 (11th Cir.1996). Plaintiff also bears the burden of identifying an accommodation that would allow him to perform his job duties. *See Willis v. Conopco, Inc.,* 108 F.3d 282, 284–85 (11th Cir.1997).

Though Defendant disputes Plaintiff's ability to show that he was disabled within the meaning of the Act, Plaintiff alleges that the Defendant regarded him as disabled.[5] The EEOC regulations recognize that a plaintiff is "regarded as having such an impairment," whether or not he does have a substantially limiting impairment, if his employer treats him as though he does. *See Malewski v. Nationsbank of Florida, N.A.,* 978 F.Supp. 1095, 1100 (S.D.Fla. 1997). For this claim, Plaintiff must show that his employer viewed his knee injury as generally foreclosing the type of employment involved, not just a narrow range of job tasks. *See* 29 C.F.R. § 1630.2(j)(3);

---

**5.** *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, at 2 (asserting that "the FEC opted to treat him as unable to perform the functions of a trainmen or conductor because of his disability.").

*Goldsmith v. Jackson Mem'l Hosp. Pub. Health Trust,* 33 F.Supp.2d 1336, 1342 (S.D.Fla.1998); *Malewski,* 978 F.Supp. at 1101. Both parties seemingly believed that Plaintiff's injury and resulting disability prevented him from working either as a conductor or as a trainmen—two of the three positions for which he was otherwise qualified to work. Viewed in the light most favorable to Plaintiff, there at least exists a dispute as to whether or not FEC regarded Plaintiff as disabled.

■ Plaintiff's discrimination claim rests on his assertion that the FEC refused to provide him with a "reasonable accommodation."[6] "To 'accommodate' a disability is to make some change that will enable the disabled person to work." *Vande Zande,* 44 F.3d at 542. An employer must, pursuant to the ADA, provide a reasonable accommodation to a qualified individual, but only if such accommodation actually enables a disabled employee to perform the essential requirements of his job. *See Willis,* 108 F.3d at 283; *Schwertfager v. City of Boynton Beach,* 42 F.Supp.2d 1347, 1364 (S.D.Fla.1999). The Act does not require the employer to provide the employee's preferred accommodation; "it does not demand that employers give disabled employees priority ... over non-disabled employees." *Schwertfager,* 42 F.Supp.2d at 1364. Additionally, the employer may chose the least expensive accommodation or the accommodation that is easiest for the employer to provide. *See Hankins v. The Gap, Inc.,* 84 F.3d 797, 800 (6th Cir.1996) (citing the Appendix to the ADA regulations).

■ Plaintiff can perform the essential functions of his job as an engineer with or without accommodation.[7] He has not alleged an inability to perform his job, nor has he identified an accommodation that would have enabled him to work. He could and *did* work, without accommodation, until his resignation. Notwithstanding, the "FEC made reasonable accommodations for [him] by allowing him to wait at the top of the Fort Pierce Extra Board for an engineer job to become available."[8] This "accommodation" was merely a waiver of the regular rules of assignment. Such an accommodation may have enabled him to work more often, but it had no impact on his ability to work when assigned. Notably, at the time of his resignation, he was working without any special arrangement, as he had done for eighteen months.[9] The preference given to Plaintiff at the Ft. Pierce yard was not an accommodation that enabled him to perform his job and thus, it was not required under the Act. *See LaChance v. Duffy's Draft House, Inc.,* 146 F.3d 832, 835 (11th Cir.1998).

Plaintiff argues that Defendant's initial compliance with his request demonstrates that the accommodation is "reasonable," and thus required under the Act. The Eleventh Circuit has rejected this argument. *See Holbrook v. City of Alpharetta, Ga.,* 112 F.3d 1522, 1528 (11th Cir.1997); *Morisky v. Broward County,* 80 F.3d 445, 446 n. 1 (11th Cir.1996); *Schwertfager,* 42 F.Supp.2d at 1365 (where employer provided accommodations that exceeded those required under the ADA, "a decision to discontinue accommodations does not give rise to liability for failure to reasonably accommodate."). Plaintiff's failure to

**6.** Plaintiff asserts that "[t]he issue at hand is whether he can be denied a reasonable accommodation because he is unable to perform the essential requirements of a *different* job such as trainman or conductor." *Id.* (emphasis in original).

**7.** *Id.* at 6.

**8.** Complaint, at para. 11. Plaintiff does not assert that this arrangement enabled him to

perform the essential functions of his job, but rather that it allowed him to earn enough money to support his family. *See id.*

**9.** The FEC did not offer any special arrangement for Plaintiff in Hialeah, nor did he seek accommodation, because the assignment system used in that yard obviated any need for special treatment.

prove that he was denied a "reasonable accommodation" is fatal to his prima facie case under the ADA.[10]

UPON CONSIDERATION of the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED that the said Motion be, and the same is, hereby GRANTED.

This case is CLOSED. All pending motions are DENIED as MOOT.

10. To the extent that Plaintiff's discrimination claim relies on FEC's denial of his transfer request, his failure to accept Defendant's offer, which would have allowed him to return to Ft. Pierce but without the special arrangement, forecloses his disparate treatment claim.